IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:12-CV-00619-L** |
| **CHRISTIE TAYLOR AND ALL OCCUPANTS**, | § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed March 8, 2012. After carefully reviewing the motion, Defendants' response, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

**I.    Background**

On January 10, 2012, Plaintiff Federal National Mortgage Association ("FNMA" or "Plaintiff") initiated a forcible detained action against Defendants Christie Taylor and All Occupants (collectively, "Defendants") in the Justice Court, Precinct No. 1, Place No. 2, Dallas County, Texas; and judgment in favor of FNMA was entered on January 31, 2012. Defendants appealed the judgment on February 9, 2012, to County Court at Law No. 1, Dallas County, Texas, and on February 29, 2012, *pro se* Defendant Dershera Colton removed the action to this court, based on diversity jurisdiction. On March 8, 2012, FNMA moved to remand on various grounds, including lack of subject matter jurisdiction, timeliness of the removal, and violation of the in-state defendant rule. Since the court determines that removal of this case was improper for procedural reasons, it

**Memorandum Opinion and Order    Page 1**

addresses only FNMA's procedural argument that it is entitled to remand based on the in-state defendant rule.

## II.     Analysis

The statute that governs removal of cases in general is 28 U.S.C. § 1441. The relevant provision of the statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. *Id.* § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985).

Here, Defendants admit that they are citizens of Texas. Thus, even assuming that complete diversity exists, removal violates the in-state defendant rule under section 1441(b)(2). As a result, Defendants were not entitled to remove the action to federal court. The court therefore determines that Plaintiff's Motion to Remand should be granted, and the court need not consider the parties' remaining arguments regarding subject matter jurisdiction and the timeliness of the removal.

### III.     Attorney's Fees and Costs

FNMA requests an award of attorney fees and costs incurred in conjunction with the motion to remand. When removal is determined to be improper, courts have discretion to award attorney's fees incurred in obtaining a remand. 28 U.S.C. § 1447(c). Absent unusual circumstances, however, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Defendants are proceeding *pro se* and filed a pauper's affidavit in state court. Consequently, it is unlikely that they have the means to pay the attorney's fees incurred by FNMA as a result of the removal. While this case should have not been removed, the court in exercising its discretion determines that the interests of justice are not served by awarding attorney's fees to FNMA under these circumstances.

### IV.     Conclusion

For the reasons explained, the **grants**  Plaintiff's Motion to Remand, and **denies** Plaintiff's request for attorney's fees and costs. Pursuant to 28 U.S.C. § 1447(c), the court **remands** this action to County Court at Law No. 1, Dallas County, Texas, from which it was removed. The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

**It is so ordered** this 30th day of March, 2012.

Sam A. Lindsay
United States District Judge